UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> Plaintiffs, Counter-defendants, <br><br> v. <br><br> NEXUS PERFORATING LLC, <br><br> Defendant, Counter-claimant. | Civil Case No.: 4:21-cv-280 |

## NEXUS PERFORATING LLC'S ANSWER TO DYNAENERGETICS EUROPE GMBH AND DYNAENERGETICS US, INC.'S COMPLAINT AND COUNTERCLAIMS

Defendant Nexus Perforating LLC ("Defendant" or "Nexus") by and through its undersigned counsel, files this Answer to Plaintiffs Dynaenergetics Europe GMBH ("Dyna Europe") and Dynaenergetics US, Inc.'s ("Dyna US") (collectively "Plaintiffs") Complaint.

### THE PARTIES

1. Nexus is without knowledge or information sufficient to form a belief about the truth of paragraph 1, and therefore denies the same.

2. Nexus is without knowledge or information sufficient to form a belief about the truth of paragraph 2, and therefore denies the same.

3. Admit.

4. Admit.

1
**NEXUS PERFORATING LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS**

## JURISDICTION AND VENUE

5. Admit.

6. Admit.

7. Nexus admits that this Court has personal jurisdiction over Defendant.

8. Admit.

## FACTS

9. Nexus is without knowledge or information sufficient to form a belief about the truth of Paragraph 9, and therefore denies the same.

10. Nexus is without knowledge or information sufficient to form a belief about the truth of Paragraph 10, and therefore denies the same.

11. Nexus is without knowledge or information sufficient to form a belief about the truth of Paragraph 11, and therefore denies the same.

12. Nexus is without knowledge or information sufficient to form a belief about the truth of Paragraph 12, and therefore denies the same.

13. Admit.

14. Nexus is without knowledge or information sufficient to form a belief about the truth of Paragraph 14, and therefore denies the same.

15. Deny.

16. Admit.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

### COUNT I – *ALLEGED* INFRINGEMENT OF THE '697 PATENT

24. Paragraph 24 contains no allegation of fact requiring a response.

25. Nexus is without knowledge or information sufficient to form a belief about the truth of Paragraph 25, and therefore denies the same.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

### ATTORNEYS' FEES

30. Deny.

### JURY DEMAND

31. Paragraph 31 contains no allegation of fact requiring a response.

### PRAYER FOR RELIEF

Nexus denies that Plaintiffs are entitled to judgment in its favor or to any relief requested in its Prayer for Relief.

## DEFENSES

Subject to the responses above, Nexus alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that Nexus bears the burden of proof as to any of them or that any must be pleaded as defenses. Nexus reserves all rights to allege additional defenses that become known through the course of discovery. Nexus also reserves the right to supplement its defenses as discovery proceeds in this case.

## FIRST AFFIRMATIVE DEFENSE

(*No Infringement*)

Nexus does not infringe, either directly, indirectly, by inducement or contribution, any valid and enforceable claim of the '697 Patent, willfully or otherwise.

## SECOND AFFIRMATIVE DEFENSE

(*Invalidity*)

The asserted claims of the '697 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, et seq., including but not limited to, one or more of the following: 35 U.S.C. §102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

(*Laches, Estoppel, Unclean Hands*)

The asserted claims of the '697 Patent are unenforceable as asserted, in whole or in part, by laches, estoppel, and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

(*Inequitable Conduct*)

The asserted claims of the '697 Patent are unenforceable as asserted, in whole or in part, as a result of the patentee's and/or their agent's inequitable conduct before the United States Patent and Trademark Office, including through the patentee's and/or their agent's failure to properly disclose known, relevant prior art to the United States Patent Office.

## FIFTH AFFIRMATIVE DEFENSE

(*Prosecution History Estoppel*)

Plaintiffs' claims are barred, in whole or in part, as a result of representations, admissions and statements made by the patentee and/or their agent to the United States Patent and Trademark Office as to the scope of the asserted claims of the '697 Patent and the differences between those claims and the known, relevant prior art.

## COUNTERCLAIMS

Without waiver of any rights, Nexus asserts the following counterclaims against Plaintiffs:

## THE PARTIES

1. Plaintiff and Counter-defendant DynaEnergetics Europe GmbH ("Dyna Europe") is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

2. Plaintiff and Counter-defendant DynaEnergetics US, Inc. ("Dyna US") is a corporation organized under the laws of the State of Colorado, with its headquarters at

2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659. Dyna US has a regular and established place of business within this District, including its headquarters.

3. Defendant and Counter-claimant Nexus Perforating LLC is a Texas limited liability company with its headquarters at 3311 Normandy Forest Ct., Spring, TX 77988.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of these counterclaims under, without limitations, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. Plaintiffs have consented to personal jurisdiction by commencing this action for patent infringement in this judicial district, as set forth in Plaintiffs' Complaint.

6. Plaintiffs have consented to venue in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400 for these counterclaims.

## FACTUAL BACKGROUND

7. Nexus restates and incorporates by reference the allegations in its paragraphs 1 through 6 above as if set forth fully herein.

8. In their Complaint, Plaintiffs' assert that Nexus has infringed U.S. Patent No. 10,844,697 ("the '697 patent") by making, using, selling and/or offering for sale in the United States products that allegedly practice one or more claims of the '697 patent.

9. The '697 patent is invalid, unenforceable and/or is not infringed by Nexus directly or indirectly.

10. There is an actual case or controversy between the parties over the non-

infringement, invalidity, and unenforceability of the '697 patent.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of U.S. Pat. No. 10,844,697)

11. Nexus restates and incorporates by reference the allegations in its paragraphs 1 through 10 above as if set forth fully herein.

12. An actual case or controversy exists between Nexus and Counter-defendants as to whether the '697 patent is not infringed by Nexus.

13. Nexus has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '697 patent. By way of example and without limitation, Nexus does not infringe at least Claim 1 of the '697 patent because its accused products do not include the limitation [ . . .] as claimed by the '697 patent.

14. A judicial declaration is necessary and appropriate so that Nexus may ascertain its rights regarding the '697 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Pat. No. 10,844,697)

15. Nexus restates and incorporates by reference the allegations in its paragraphs 1 through 10 above as if set forth fully herein.

16. An actual case or controversy exists between Nexus and Counter-defendants as to whether the '697 patent is valid.

17. The claims of the '697 patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103, and 112.

18. A judicial declaration is necessary and appropriate so that Nexus may ascertain whether the '697 patent is valid.

## DEMAND FOR JURY TRIAL

19. Nexus Perforating LLC hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Nexus prays for judgment as follows:

A. A judgment dismissing Plaintiffs' Complaint against Nexus with prejudice.

B. A judgment in favor of Nexus on all of its counterclaims.

C. A declaration that Nexus as not infringed, contributed to the infringement of, or induced others to infringe either directly or indirectly, any valid claim of the '697 patent.

D. A declaration that the '697 is invalid.

E. An award to Nexus of its fees and expenses of litigation.

F. A judgment limiting or barring Plaintiffs' ability to enforce the '697 Patent in equity.

G. Such other and further relief as this Court may deem just and proper.

Date: April 15, 2021

Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

By: /s/ John K. Buche
John K. Buche (TX Bar No. 24012352)
Scott Compton (TX Bar No. 24032088)
1700 Post Oak Blvd., 2 Blvd. Pl., #600
Houston, Texas 77056
Tel: (713) 589-2214

jbuche@buchelaw.com
scompton@buchelaw.com

*ATTORNEYS FOR DEFENDANT*
*NEXUS PERFORATING LLC*

**9**
**NEXUS PERFORATING LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIMS**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule CV-5(a)(3), I hereby certify that all counsel of record who are deemed to have consent to electronic service are being served on April 15, 2021 with a copy of this document via the Court's CM/ECF system.

/s/ *John K. Buche*
John K. Buche