**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | Civil Action No: 4:21-cv-00280 |
| Plaintiffs, | |
| v. | **DEMAND FOR JURY TRIAL** |
| NEXUS PERFORATING LLC, | |
| Defendant. | |

<u>**AMENDED COMPLAINT**</u>

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") file this Amended Complaint for patent infringement against Nexus Perforating LLC ("Defendant") pursuant to Fed. R. Civ. P. 15(a) and this Court's Scheduling Order (Dkt. 28), and, in support thereof, allege as follows:

<u>**THE PARTIES**</u>

1.    Plaintiff DynaEnergetics Europe GmbH ("DynaEnergetics Europe") is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

2.    Plaintiff DynaEnergetics US, Inc. ("DynaEnergetics US") is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659.  DynaEnergetics US has a regular and established place of business within this District, including its headquarters.

3.    Upon information and belief, Defendant Nexus Perforating LLC is a Texas limited liability company with its headquarters at 3311 Normandy Forest Ct., Spring, TX 77988

and a mailing address of 27359 W. Hardy Road, Ste. 208, Spring, Texas, 77373.  Defendant

Nexus Perforating LLC may be served with process by serving its registered agent, Laura

Marcela Rinaldi De Goyeneche at 21023 La Arbre Lane, Spring, TX 77388, or as otherwise

authorized under applicable law.

4.      Upon information and belief, Defendant has regular and established places of

business throughout Texas and in this District, including its headquarters at 3311 Normandy

Forest Ct., Spring, TX 77388.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under the Patent Laws of the United

States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a) because this action arises under the Patent Laws of the United States, including 35

U.S.C. § 1 *et seq.*

7.      This court has personal jurisdiction over Defendant, and venue is proper in this

District, because Defendant resides in this District and has at least one regular and established

place of business located within this District, and because Defendant actively and regularly

conducts business within the State of Texas and within this District, including at its headquarters.

Further, upon information and belief, direct or indirect infringement is occurring within the State

of Texas and this District through Defendant's manufacture and distribution of the "Nexus

Connect" and "Double Nexus Connect (Thunder Gun)" gun systems (hereinafter collectively

referred to as "Nexus Connect") including parts or components thereof at its Texas

manufacturing and distribution facilities, and within the State of Texas and this District through

Defendant's sales of or offers to sell the Nexus Connect and parts or components thereof.

8.     Venue as to Defendant is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

9.     DynaEnergetics is a leader in the field of well completion, perforating, well abandonment, and seismic technologies.  DynaEnergetics has a long history of technological innovation, including innovation in the manufacture of detonators, detonating cords, and perforating hardware.

10.     In connection with its research and development efforts, DynaEnergetics has developed groundbreaking inventions for a wireless detonator assembly, a pre-wired perforating gun assembly, and methods of assembling the pre-wired perforating gun assembly.   These inventions are currently protected by multiple United States patents, including U.S. Patent No. 10,844,697 (the "'697 Patent").

11.     The '697 Patent, entitled "PERFORATION GUN COMPONENTS AND SYSTEM," was duly and legally issued on November 24, 2020 to DynaEnergetics Europe GmbH. A true and accurate copy of the '697 Patent is attached hereto and incorporated herein by reference as Exhibit A.

12.     DynaEnergetics makes, distributes, offers to sell, and sells perforating gun systems that practice the '697 Patent.   DynaEnergetics Europe exclusively licenses DynaEnergetics US to make, distribute, offer to sell, and sell perforating gun systems that practice the '697 Patent in the United States.  DynaEnergetics has marked the covered products in accordance with 35 U.S.C. § 287.

13.     Defendant is a competitor of DynaEnergetics, including in the field of perforating systems.  Defendant has, upon information and belief, either alone or in concert, manufactured,

distributed, sold, or offered to sell the Nexus Connect in the United States, including within the State of Texas and within this District.

14.     Upon information and belief, Defendant, either alone or in concert, manufactured, distributed, sold, or offered to sell parts or components for the Nexus Connect for assembly and use by customers, including within the State of Texas and within this District.

15.     Defendant describes and provides photos of the Nexus Connect on its website at https://www.nexusperforating.com/double-nexus-connect. A copy of the Defendant's advertising the Nexus Connect (as accessed on January 27, 2020) is attached hereto and incorporated herein by reference as Exhibit B.

16.     The Nexus Connect directly or indirectly infringes one or more claims of the '697 Patent, including at least each and every element of Claim 1 either literally or equivalently, as set forth below.

17.     Claim 1 of the '697 Patent recites:

1. An electrical connection assembly for establishing an electrical connection in a tool string, the electrical connection assembly comprising:

a tandem seal adapter having a first end, a second end and a bore that extends from the first end to the second end and entirely through the tandem seal adapter;

a perforation gun system comprising a first outer gun carrier, a shaped charge, and a first detonator, wherein the shaped charge and the first detonator are positioned within the first outer gun carrier, wherein the first outer gun carrier is connected to the first end of the tandem seal adapter; and

4

a pressure bulkhead having an outer surface, a first end and a second end, the outer surface of the pressure bulkhead is sealing received in the bore of the tandem seal adapter, the pressure bulkhead also having a pin connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end, and configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector end extends beyond the first end of the pressure bulkhead and the second pin connector end extends beyond the second end of the pressure bulkhead, wherein

the first detonator is in electrical communication with the pin connector assembly, wherein the tandem seal adapter and the pressure bulkhead are configured to provide a seal between the detonator and an environment on the second end of the tandem seal adapter.

18.     The Nexus Connect either literally or equivalently contains an electrical connection assembly for establishing an electrical connection in a tool string. This is evidenced by the description of the Nexus Connect in Exhibit B stating that the Nexus Connect "works with the spring loaded Nexus Connect in both sides of the charge holder and uses a solid feedthru to make contact and electrical continuity between the Guns," and that the "addressable switch is connected with the detonator in a simpler and faster step." An example of this is also shown in the below annotated photo of the Nexus Connect.



19.     The electrical connection assembly in the Nexus Connect either literally or equivalently comprises a tandem seal adapter having a first end, a second end and a bore that extends from the first end to the second end and entirely through the tandem seal adapter. An example of this is shown in the below annotated photos of the Nexus Connect.



20.     The electrical connection assembly in the Nexus Connect either literally or equivalently comprises a perforation gun system comprising a first outer gun carrier, a shaped charge, and a first detonator, wherein the shaped charge and the first detonator are positioned within the first outer gun carrier, wherein the first outer gun carrier is connected to the first end of the tandem seal adapter. An example of this is shown in the below annotated photos of the Nexus Connect, which shows the Thunder Gun outer gun carrier, an assembly including a carrier for housing a shaped charge and a first detonator.  The Thunder Gun assembly is positioned within the outer gun carrier, wherein the outer gun carrier is connected to the first end of the tandem seal adapter.

6





21.     The electrical connection assembly in the Nexus Connect either literally or equivalently comprises a pressure bulkhead having an outer surface, a first end and a second end, the outer surface of the pressure bulkhead is sealing received in the bore of the tandem seal adapter, the pressure bulkhead also having a pin connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end, and configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector end extends beyond the first end of the

pressure bulkhead and the second pin connector end extends beyond the second end of the pressure bulkhead. This is evidenced by the description of the Nexus Connect in Exhibit B stating that the Nexus Connect "uses a solid feedthru to make contact and electrical continuity between the Guns." An example is also shown in the below annotated photos of the Nexus Connect.






22.     The electrical connection assembly in the Nexus Connect either literally or equivalently comprises the first detonator being in electrical communication with the pin connector assembly, wherein the tandem seal adapter and the pressure bulkhead are configured to provide a seal between the detonator and an environment on the second end of the tandem seal adapter. An example of this is shown in the below annotated photos of the Nexus Connect.





23.     Defendant has known of the '697 Patent and its own infringing activities since at least as early as the filing of this complaint.  Further, on September 11, 2020, DynaEnergetics put Defendant on notice of U.S. Patent Application 16/585,790 (the "'790 Application") that led to the '697 Patent.  The claims in the published '790 Application are identical to the claims that actually issued in the '697 Patent.  A copy of the letter sent to Defendant on September 11, 2020 is attached hereto and incorporated herein by reference as Exhibit C.  DynaEnergetics sent another email on November 25, 2020, informing Defendant of the issuance of the '697 Patent and again notifying Defendant of its infringement. Defendant responded on December 10, 2020, confirming that it received and reviewed at least the September 11, 2020 letter, however Defendant has still not ceased its infringing activity.

24.     Because Defendant is using infringing technology to compete directly with DynaEnergetics, it is causing irreparable harm to DynaEnergetics, thereby forcing DynaEnergetics to bring this lawsuit to protect its intellectual property.

## COUNT I – INFRINGEMENT OF THE '697 PATENT

25.     DynaEnergetics repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

26.     DynaEnergetics is the owner of the '697 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '697 Patent against infringers, and to collect damages for all relevant times.

27.     Defendant has, either alone or in concert, directly infringed and continues to infringe the '697 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling and/or offering for sale the Nexus Connect including parts or components thereof within the United States, in violated of 35 U.S.C. § 271(a).

28.     Defendant likewise has induced infringement of the '697 Patent in violation of 35 U.S.C. § 271(b).  Defendant has actively encouraged others, including through contractual relationships, to manufacture, assemble, and use the Nexus Connect and parts or components thereof in a manner that infringes the '697 Patent within the United States.

29.     Defendant specifically intended and has been aware (since at least November 25, 2020) that its customers' normal and customary use of the Nexus Connect would infringe the '697 Patent.  Defendant has advised or directed customers to manufacture and assemble the Nexus Connect including parts or components thereof in an infringing manner.  Defendant has advertised, promoted, or actively encouraged the use of the Nexus Connect in an infringing manner.  Defendant has distributed instructions and manuals that guide customers to

manufacture, assemble, and use the Nexus Connect in an infringing manner. Defendant has entered into contractual relationships or agreements with others to manufacture and assemble the Nexus Connect including parts or components thereof in an infringing manner. Defendant, therefore, knows (and has known), or was willfully blind to the probability, that its actions have, and continue to, actively induce infringement of the '697 Patent. As a result of Defendant's active encouragement and intentional inducement, its customers have committed acts directly infringing the '697 Patent.

30.     In addition to the foregoing and/or in the alternative, Defendant is liable as a contributory infringer of the '697 Patent under 35 U.S.C. § 271(c) because Defendant has contributed to the direct infringement of the '697 Patent by customers and users of the Nexus Connect. To the extent the Nexus Connect is sold in a non-assembled form, Defendant provides all parts and components required for manufacture and assembly of the Nexus Connect and information, including instructions and guides, required for users to complete manufacture and assembly of the Nexus Connect. Defendant has known the Nexus Connect including parts or components thereof to be infringing the '697 Patent since at least November 25, 2020. The parts and components of the Nexus Connect provided by Defendant constitute a material part of the invention of one or more of the claims of the '697 Patent and are not staple articles or commodities of commerce suitable for substantial noninfringing use because they cannot be used without infringing the '697 Patent.

31.     Upon information and belief, Defendant has made and is continuing to make unlawful gains and profits from its infringement of the '697 Patent.

32.     At least as early as November 25, 2020 or, alternatively, at least as early as the filing of this complaint, Defendant has been on notice of and has had knowledge of, '697 Patent

and of DynaEnergetics' allegations of infringement.  Defendant's infringement of the '697 Patent has been willful and deliberate at least since this date.

33.     DynaEnergetics has been damaged and irreparably harmed by Defendant's infringement of the '697 Patent for which DynaEnergetics is entitled to relief under 35 U.S.C. § 284 and 35 U.S.C. § 154(d).  DynaEnergetics will continue to suffer damages and irreparable harm unless Defendant is enjoined preliminarily and permanently by this Court from continuing its infringement.

## ATTORNEYS' FEES

34.     Pursuant to 35 U.S.C. § 285, DynaEnergetics is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

35.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DynaEnergetics respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DynaEnergetics respectfully asks that the Court issue citation for Defendant to appear and answer and seeks the following additional relief:

A.     that Defendant be declared to have infringed, either directly or indirectly, one or more of the claims of the '697 Patent under 35 U.S.C. § 271;

B.     that that Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '697 Patent by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

C.    that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by DynaEnergetics as a result of Defendant's aforementioned infringements, that such monies and damages be awarded to DynaEnergetics, and that interest and costs be assessed against Defendant pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

D.    that the Court declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '697 Patent, pursuant to 35 U.S.C. § 284;

E.    that the Court declare this an exceptional case and order that Defendant pay to DynaEnergetics its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

F.    that the Court award such further and other relief to DynaEnergetics as the Court deems just, together with its costs and disbursements in this action.

Dated: September 1, 2021                    Respectfully submitted,

                                            WOMBLE BOND DICKINSON (US) LLP

                                            By:  */s/ Barry J. Herman*_____
                                            Barry J. Herman (*pro hac vice*)
                                            Maryland Federal Bar No. 26061
                                            100 Light St, 26th Floor
                                            Baltimore, MD 21202
                                            Telephone: (410) 545-5830
                                            Email: Barry.Herman@wbd-us.com

                                            *Attorney-in-Charge for Plaintiffs DynaEnergetics*
                                            *Europe GmbH and DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400

Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Stephanie M. Nguyen (*pro hac vice*)
DC Bar No. 1046300
Julie C. Giardina (*pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5873
Email: Stephanie.Nguyen@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice*)
New York Bar No. 4450953
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*<u>/s/ Barry J. Herman</u>*
Barry J. Herman
