**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DYNAENERGETICS EURPOE GMBH, and DYNAENERGETICS US, INC., | |
| Plaintiffs | CIVIL ACTION NO. 4:21-cv-00280 |
| v. | |
| NEXUS PERFORATING LLC, | |
| Defendant | |

**DEFENDANT NEXUS PERFORATING LLC'S MOTION TO STAY**
**LITIGATION PENDING POST-GRANT REVIEWS**
**AND *EX PARTE* REEXAMINATION**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 1

II.  SHORT STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ........ 2

III.  STATEMENT OF ISSUES TO BE RULED ON BY THE COURT ...................... 5

IV.  LEGAL STANDARD ........................................................................................ 5

V.  SHORT SUMMARY OF ARGUMENT ..................................................................... 6

VI.  ARGUMENT ........................................................................................................ 7

   A.  A stay will simplify the issues in question because if any of the claims are amended or found invalid, Plaintiffs' case fails or is simplified. ................................... 7

   B.  The litigation is still in a relatively early stage ...................................................... 10

   C.  A stay will not unduly prejudice or provide a tactical disadvantage to Plaintiff because a stay will save Plaintiffs costs and time in litigating the claims of the '697 Patent, which will likely be amended or invalidated, a stay could be relatively short, and there is no threat of future harm or damage to Plaintiffs. ...................................... 11

   D.  A stay will reduce the burden of litigation on the court and the parties. ................ 13

VII.  CONCLUSION ..................................................................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Emtel, Inc. v. Lipidlabs, Inc.*,
　Case No. H-07-1798, 2013 WL 1707678 (S.D. Tex. Apr. 19, 2013) ...................... 9

*Ethicon, Inc. v. Quigg*,
　849 F.2d 1422 (Fed. Cir. 1988) ............................................................................ 5

*E-Watch, Inc. v. Lorex Canada, Inc.*,
　Case No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ......... 8, 10, 11

*IPT Global, LLC v. Offshore Technical Compliance LLC*,
　Case No. 4:19-cv-03230 (S.D. Tex. Oct. 20, 2020) .............................................. 11

*Neuro Cardiac Technologies, LLC v. LivaNova, Inc.*,
　Case No. H-18-1517, 2018 WL 4901035 (S.D. Tex. Oct. 9, 2018) ........................ 6

*Neuro Cardiac Techs., LLC v. LivaNova, Inc.*,
　Case No. H-18-1517, 2018 WL 4901035 (S.D. Tex. Oct. 9, 2018) ........................ 5

*Russo Trading Co., Inc. v. Donnelly Distribution LLC*,
　Case No. 18-cv-1851-JPS, 2019 WL 1493228 (E.D. Wis. Apr. 4, 2019) ............... 9

*Slip Track Sys., Inc. v. Metal Life, Inc.*,
　159 F.3d 1337 (Fed. Cir. 1998) .......................................................................... 14

*SynQor, Inc. v. Vicor Corp.*, Case No.
　Case No. 2:14-cv-287, 2015 WL 12916396 (E.D. Tex. Nov. 24, 2015) .............. 13

*Tesco Corp. v. Weatherford Int'l, Inc.*,
　599 F.Supp. 2d 848 (S.D. Tex. 2009) .................................................................... 6

*Transocean Offshore Deepwater Drilling Inc. v. Seadrill Americas, Inc.*,
　Case No. H-15-144, 2015 WL 6394436 (S.D. Tex. Oct. 22, 2015) ...................... 11

*Trover Group, Inc. v. Dedicated Micros* USA,
　Case No. 2:13-cv-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ....... 5

*VirtualAgility Inc. v. Salseforce.com, Inc.*,
　759 F.3d 1307 (Fed. Cir. 2014) ...................................................................... 7, 13

**Statutes**

35 U.S.C. § 303 ................................................................................................... 4

35 U.S.C. § 304 ................................................................................................... 4

35 U.S.C. § 305 ................................................................................................. 12

37 C.F.R. §1.56................................................................................................... 9

**Other Authorities**

Manual of Patent Examining Procedures § 2261 ............................................. 12

## I.     INTRODUCTION

In an effort to save time, money and judicial resources of this Court and the parties, Defendant Nexus Perforating LLC ("Nexus" or "Defendant") moves to stay the proceedings pending the outcomes of two separate petitions for *post-grant review*, and an *ex parte* reexamination of U.S. Patent No. 10,844,697 ("the '697 Patent"), which Plaintiffs DynaEnergetics Europe GMBH and DynaEnergetics US, Inc. ("Plaintiffs") allege Nexus has infringed.

The '697 Patent was not an ordinary patent application, and it presents factual and legal circumstances that make it more appropriate for a stay than most normal patent applications.  The '697 Patent was a rush job.  It was pushed through on an expedited "Track 1" schedule at the Patent Office.  It went from being filed to issued in less than 14 months.[1]  Because of the circumstances of the expedited examination, cursory and incomplete treatment was given to patent references; and there was also a document "dumping" situation where the patent applicant overwhelmed the examiner with a tremendous volume of prior art references that were not adequately, described, disclosed, reviewed or appreciated.

Moreover, in addition to the <u>three</u> in progress challenges to the same patent, that will nearly undoubtedly invalidate or change the claims of the '697 patent, there is a totally separate lawsuit for declaratory judgment about ownership of the rights held by the '697 Patent. *SWM International, LLC v. DynaEnergetics Europe GMBH and*

---

[1] The traditional total pendency of a patent application as of August 2021 is 23.2 months. https://www.uspto.gov/dashboard/patents/pendency.html.

**1**

*DynaEnergetics US, Inc.*, Case No. 1:21-cv-02315-SKC, in the U.S. District Court for the District of Colorado.

In a nutshell, it will be a colossal waste of this Court's time and all the litigants time and money to have to go through extensive discovery, expert discovery, and *Markman* hearings all for no reason, since the Patent Trial & Appeal Board ("PTAB") is nearly certain to invalidate the '697 Patent. If this case is not stayed, the practical implications are that the parties will each spend *hundreds of thousands of dollars* on expert analysis and legal briefing that will nearly certainly have to be re-done and/or become totally moot after the patent claims are invalidated or amended. For these reasons, Defendant seeks a stay.

## II.     SHORT STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

On January 28, 2021, Plaintiffs filed a Complaint alleging Defendant infringed at least Claim 1 of the '697 Patent. On September 1, 2021, Plaintiffs filed an Amended Complaint also alleging Defendant infringed at least Claim 1 of the '697 Patent.

On May 10, 2021, G&H Diversified Manufacturing, LP filed a Petition for Post Grant Review (PGR2021-00078) ("the '078 PGR") against the '697 Patent challenging claims 1-21 as unpatentable subject matter and claims 2, 15, and 18 as being invalid.

On July 21, 2021, SWM International, LLC also filed a Petition for Post Grant Review (PGR2021-00097) ("the '097 PGR") against the '697 Patent challenging claims 1, 2, and 8-10.

On September 28, 2021, Defendant Nexus Perforating LLC filed an *ex parte*

reexamination against the '697 Patent challenging claims 1, 2, 8, and 10—the asserted claims.  Decl. Buche, ¶5, Ex. C.

To date, in this case, the Parties have exchanged preliminary infringement contentions, invalidity contentions, and filed a joint claim construction statement.  Nexus has also provided Plaintiffs with some discovery related to its technology, its own patent applications, and financial information.  The claim construction opening brief is not yet due until October 20, 2021; the responsive brief is due November 3, 2021; the reply brief is due November 10, 2021; the claim construction chart is due December 8, 2021 and the claim construction hearing is scheduled for December 15, 2021.  Defendant has not requested discovery and no depositions have been conducted or even noticed.

The Patent Trial and Appeal Board ("PTAB") must decide whether to institute the Post Grant Reviews ("PGR") within six months of the granted filing date of the Petition.  Accordingly, the PTAB will have a decision on the '078 PGR by as early as November 10, 2021 and a decision on the '097 PGR by January 21, 2021.  Therefore, the Parties will know whether one of the Post Grant Review petitions will be instituted by November 10, 2021, or earlier, and the Parties will know whether either or both of the Post Grant Review petitions will be instituted by January 21, 2021, or earlier.  As of August 31, 2021, 58% of challenges filed at the PTAB have been instituted in 2021.  Decl. Buche, ¶3, Ex. A.

With respect to the *ex parte* reexamination, the US Patent and Trademark Office ("PTO") examines an issued patent to determine whether the patent's claims are valid in view of prior art that may or may not have been evaluated by the PTO at the time of

initial patent issuance.  The PTO must "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request."  35 U.S.C. § 303(a).  If a substantial new question of patentability exists, then the PTO must "include an order for reexamination of the patent for resolution of the question."  35 U.S.C. § 304.  ***The PTO issues orders for reexamination for most of the requests that it receives.  In fact, from 1981 - September 30, 2020, PTO statistics reveal that 92% of requests for ex parte reexaminations were granted and 79% result in cancellation or modification of claims.***  Decl. Buche, ¶4, Exhibit B.  Thus, there is a very high probability that a reexam will be granted and the claims will be modified or cancelled.

The reexamination of the '697 Patent will almost certainly be granted because a crucial patent reference (referred to herein as "*Boop*") was not considered as an anticipating reference in the hurried patent examination of the '697 patent.  We now know the USPTO believes *Boop* is crucial because, on June 22, 2021, claims in the Plaintiff's subsequent "child" patent application of the '697 Patent were rejected as being anticipated by *Boop*.  The rejected "child's" claims are substantially similar to asserted claim 1 of the '697 Patent.  Accordingly, *Boop* is exactly the type of prior art the USPTO considers to institute reexamination because it was overlooked during patent prosecution, despite its being undeniably on-point, as referenced by an examiner.  Therefore, there is a high likelihood that the USPTO will institute the re-0examination given these subsequent facts and examinations.

Moreover, Plaintiffs have also filed a lawsuit against SWM International, LLC for patent infringement of the '697 Patent in the Northern District of Texas.  Case No. 3:21-

cv-00192-M, ECF. 1.  On September 1, 2021, SWM International, LLC filed a motion to stay pending entry of final judgment for a dispute of ownership of the '697 Patent.  On August 26, 2021, SWM International, LLC filed a Complaint against DynaEnergetics Europe GMBH and DynaEnergetics US, Inc.—Plaintiffs in this action—for declaration that the assignments are void and unjust enrichment.  Dyna allegedly fraudulently coerced the inventor to assign the patents almost a decade after the alleged invention and prior to filing the present lawsuits against a multitude of defendants.  Therefore, it is unknown if Plaintiffs even legally own the '697 Patent.

## III.    STATEMENT OF ISSUES TO BE RULED ON BY THE COURT

The issue to be ruled on is whether to stay the proceedings in this case pending the institution of two-post grant review petitions and an *ex parte* reexamination.

## IV.    LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings pending conclusion of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  "[A] district court may grant a stay while the PTAB determines whether to act on a petition."  *Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, Case No. H-18-1517, 2018 WL 4901035, at *2 (S.D. Tex. Oct. 9, 2018) (citing *Virtual Agility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014)).  A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *Trover Group, Inc. v. Dedicated Micros* USA, Case No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *1 (E.D. Tex. Mar. 11, 2015) (internal

citations omitted).

When deciding whether to grant a stay pending a PTAB review or reexamination, the Courts typically consider: (1) whether a stay will simplify issues in question and trial of the case; (2) whether the litigation is at an early stage; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F.Supp. 2d 848, 850 (S.D. Tex. 2009). The Federal Circuit has also evaluated a fourth factor that may be considered: whether the stay will reduce the burden of litigation on the court and the parties. *See Neuro Cardiac Technologies, LLC v. LivaNova, Inc.*, Case No. H-18-1517, 2018 WL 4901035, at \*2 (S.D. Tex. Oct. 9, 2018). Here, all the factors weigh in favor of granting the stay.

## V.    SHORT SUMMARY OF ARGUMENT

This Court should grant a stay of the current proceedings in this case because there is a high likelihood that one of the post-grant review petitions and/or reexamination will be instituted, and the asserted claims will be amended and or invalidated. In the examination of the '697 Patent, there was a relevant prior art reference that was not properly considered during the expedited examination of the '697 Patent, but was considered and cited as a reference against a "child" application of the '697 Patent with similar claims. With the high likelihood that one or both of the post-grant review petitions and/or reexamination being instituted, a stay will simply the issue in question because the asserted claims will likely be amended or invalidated and/or there will be guidance from the PTAB with respect to claim construction.

The Court should grant a stay because it is still relatively early in the proceeding since there has **not** been substantive claim construction briefing or a claim construction hearing.

The Court should also grant a stay because it would not unduly prejudice or provide a tactical disadvantage to the Plaintiff, the parties will know whether one of the PTAB proceedings will be instituted in a relatively short amount of time, there is no current threat of future harm or damages.

Finally, the Court should grant a stay because it will save both parties and this Court from undertaking the significant costs and burden of claim construction when there is a high likelihood that the PTAB will grant the post-grant review petitions and the reexamination.

## VI.   ARGUMENT

### A.   A stay will simplify the issues in question because if any of the claims are amended or found invalid, Plaintiffs' case fails or is simplified.

The first factor is whether a stay will simplify issues in question and trial of the case.  If one or both of the petitions are granted and if any or all of the claims are amended or found invalid, Plaintiffs case fails or is simplified.  Accordingly, the PGR petitions and/or reexamination will at least reduce the burden of litigation by simplifying the issues to determine if any of the claims are invalid.  Not only could it simplify the issues, but the PGR proceedings could result in the "ultimate simplification of issues" and "dispose of the entire litigation" if the asserted claims are cancelled, or even amended. *See VirtualAgility Inc. v. Salseforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

In addition to the pending PGRs, there is also pending reexamination that cites critical prior art patents that were never reviewed by the Patent Office. "The outcome of the reexamination by the USPTO, whether the IPRs are instituted or not, will in either event help simplify the issues in this case." *E-Watch, Inc. v. Lorex Canada, Inc.*, Case No. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013). "If the USPTO grants review, its decision may change the terms or scope of the patents at issue. Indeed, if the USPTO in any way alters or invalidates a claim of any of the patents-in-suit, the matters at issues in this court will change. At a minimum, even assuming that all the patents-in-suit survive the reexamination intact, the USPTO's insight and expertise regarding the validity of the patents will be of invaluable assistance to this court." *Id.*

Here, the reexamination will almost certainly be granted because a crucial patent reference, *Boop*, was not considered as an anticipating reference in the expedited examination of the '697 patent. *Boop* is crucial because the USPTO has cited it against claims in the Plaintiff's subsequent "child" patent application of the '697 Patent. That is the "child's" claims, which are substantially similar to asserted claim 1 of the '697 Patent, were rejected as being anticipated by *Boop*. Therefore, there is a high likelihood that the USTPO institutes a reexamination to consider *Boop* because it was overlooked during patent prosecution of the '697 Patent, despite directly anticipating the claims.

It is highly probably that the '697 Patent will be invalidated in view of this prior art that was not considered. Since the '697 Patent was filed on a fast track and rushed through the patent examination process, the examiner did not have sufficient time to review all of the prior art that exists. Accordingly, Nexus has filed a re-examination to

allow the patent experts at the Patent Office a chance to re-evaluate references that were never previously disclosed to the PTO under 37 C.F.R. §1.56. Had the PTO considered the patent references located by Nexus, the '697 patent would not have issued with the claims that Plaintiffs are now trying to enforce against the Defendant.  Defendant believes the PTO should consider the patent references that anticipate the '697 patent before the Court and the parties waste time and resources for obvious questions that can be handled efficiently at an administrative level.

A stay could also assist the court in simplifying claim construction issues.  The PTAB's assessment of claim construction helps "inform the analysis required of the Court" in its own claim construction process.  *See Russo Trading Co., Inc. v. Donnelly Distribution LLC*, Case No. 18-cv-1851-JPS, 2019 WL 1493228, at *2 (E.D. Wis. Apr. 4, 2019); *see also Emtel, Inc. v. Lipidlabs, Inc*., Case No. H-07-1798, 2013 WL 1707678, at *6 (S.D. Tex. Apr. 19, 2013) ("Even if claims remain unamended, [plaintiff's] statements during reexamination and the PTO's insights will be valuable to the issues this court will have to decide").  Accordingly, if the Court is required to analyze claim construction, the Court would have the benefit of the PTAB's analysis of the claim terms.  Litigating claim construction issues before knowing the final form of the claims will be a waste of judicial and party resources.  Similarly, the scope of discovery and the universe of claimed damages may be significantly narrowed following a review of the '697 patent by the PTAB or PTO.  Thus, it is entirely possible that without the stay, the hard work of the Court will be in vain because the claims will cease to exist or be narrowed by the PTAB or PTO to the point that all the proof would have to change to support Plaintiffs' case.

Finally, if the District of Colorado determines that Plaintiffs do not even own the '697 Patent, then this case will be immediately disposed.

**B.      The litigation is still in a relatively early stage**

To date, the Parties have exchanged preliminary infringement contentions, invalidity contentions, and filed a joint claim construction statement.  Nexus has also provided Plaintiffs with some discovery related to its technology, own patent applications, and financial information.  No *Markman* hearing has been briefed; no depositions have taken place; no dispositive motions have been filed; and no mediations have occurred.  The claim construction opening brief is due October 20, 2021, the responsive brief is due November 3, 2021, the reply brief is due November 10, 2021, the claim construction chart is due December 8, 2021 and the claim construction hearing is scheduled for December 15, 2021.

In *E-Watch, Inc. v. Lorex Canada, Inc.*, the court held that a case is not so advanced that stay would be inappropriate when the claim construction was over a month away, no dispositive motions had been filed, the case was on file for 10 months, Plaintiff recently filed a First Amended Complaint on September 1, 2021, the parties had exchanged infringement and invalidity contentions, and an opening claim construction brief had not been filed yet.  2013 WL 5425298 at *3.  Similarly, in this case, the claim construction hearing is set over a month away, no dispositive motions have been filed, the case has been on file for only 8 months, the parties have exchanged infringement and invalidity contentions, and Plaintiffs have not filed an opening claim construction brief yet.  Accordingly, the case is still relatively early in the proceeding as "there is more

work ahead of the parties and the Court than behind the parties and the Court." *Id.*

Other similarly situated cases have been stayed in this District pending institution at the PTAB. In *IPT Global, LLC v. Offshore Technical Compliance LLC*, Case No. 4:19-cv-03230, ECF Nos. 24 (https://ecf.txsd.uscourts.gov/doc1/179135982344) & 44 (https://ecf.txsd.uscourts.gov/doc1/179136903590) (S.D. Tex. Oct. 20, 2020), the court stayed litigation nearly 3 months after the Joint Claim Construction and Prehearing Statement were filed. In *Transocean Offshore Deepwater Drilling Inc. v. Seadrill Americas, Inc.*, Case No. H-15-144, 2015 WL 6394436, at *5 (S.D. Tex. Oct. 22, 2015), the court stayed the case prior to institution of an *inter partes* review that was 3 months from the claim construction hearing and where no dispositive motions had been filed.

Accordingly, this factor favors a stay.

**C.     A stay will not unduly prejudice or provide a tactical disadvantage to Plaintiff because a stay will save Plaintiffs costs and time in litigating the claims of the '697 Patent, which will likely be amended or invalidated, a stay could be relatively short, and there is no threat of future harm or damage to Plaintiffs.**

As to the <u>third</u> factor, a stay will not unduly prejudice or present a clear tactical disadvantage to the non-moving party. A mere delay does not justify denial of a stay. *See Transocean* at 2015 WL 6394436 at *2. Defendant is not requesting a stay to merely delay the proceedings, but rather, to account for the high likelihood that a post grant review and/or reexamination proceeding will be instituted. The stay is requested because it will avoid the Court wasting its resources and time, and the parties squandering *hundreds of thousands of dollars* in expert fees and attorney fees that will likely all become wasted effort and money. The USPTO only recently issued an office action

against the claims of '697 Patent's "child" application, citing a crucial reference that was not considered in the '697 Patent.  In view of that cited reference, Defendant began preparing a reexamination, which it filed September 28, 2021.  Defendant then immediately filed this motion for stay.  A stay will save this Court and litigants costs and time litigating the '697 Patent, which now will almost certainly be reviewed. No such prejudice or tactical disadvantage is present here for multiple other reasons.

First, any stay pending the PTAB's decision of whether or not to institute the Post Grant Review Petitions will be relatively short.  The PTAB must issue a decision on whether it will institute the '078 PGR by November 10, 2021 and the PTAB must issue a decision on whether it will institute the '097 PGR by January 21, 2021.

Second, the reexamination statute provides that the U.S. Patent and Trademark Office ("PTO") shall conduct "[a]ll reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences ... with special dispatch." 35 U.S.C. § 305; *Cameras Onsite, LLC*, 2010 WL 1268054, at *3; *Alza Cor.,* 2006 WL 3500015, at *1-2.  Additionally, because the '697 patent is involved in litigation, the reexamination proceeding will "have priority over all other cases."  Manual of Patent Examining Procedures § 2261 ("Any cases involved in litigation, whether they are reexamination proceedings or reissue applications, will have priority over all other cases" (emphasis added).  Also, the benefits to the Court and to the parties of a stay pending conclusion of the *ex parte* reexamination proceedings far outweigh any potential burden the delay may cause Plaintiff.  *See Constellation IP, LLC v. The Allstate Corp.,* 2008 WL 4787625, *3 (explaining that while plaintiff may suffer some prejudice as a

result of the *ex parte* proceeding, "the hardship is balanced by the many other factors [...], particularly the conservation of resources, potential simplification of the issues, and the presence of reexamination procedures ensuring as rapid a process as possible").

Third, Plaintiffs have not moved for a preliminary injunction in this matter, which some courts have noted cuts against a finding of undue harm.  *See VirtualAgility*, 759 F.3d at 1319; *SynQor, Inc. v. Vicor Corp.*, Case No. 2:14-cv-287-RWS-CMC, 2015 WL 12916396, at *4 (E.D. Tex. Nov. 24, 2015) (providing that no motion for preliminary injunction "minimiz[es] argument as to the time sensitive nature of the issues").  There is no threat of future damage to Plaintiffs.  Defendant has informed Plaintiffs that its only customer of the allegedly infringing products has ceased purchasing any parts after receiving a cease and desist letter from the Plaintiffs.  Accordingly, there is no likelihood of damage or harm to Plaintiffs.

Therefore, this factor weighs in favor of a stay.

### D. A stay will reduce the burden of litigation on the court and the parties.

Both parties will benefit from the reduced burden and costs of litigation while the case is stayed until there is a decision whether to institute the Post Grant Review Petitions, if the claims are amended or invalidated in view of the reexamination of the '697 Patent, or if it is determined that Plaintiffs do not even own the '697 Patent.  If this case is allowed to proceed and it turns out that one or more of the asserted claims are amended or invalidated, both Plaintiffs and Defendant will have incurred massive costs of litigation only for it to be later determined that some or all of the claims can no longer be enforced.  Even more importantly, all of the resources the Court spent in considering

the parties arguments and rendering a decision will be for waste.

Therefore, this factor weighs in favor of a stay.

## VII.    CONCLUSION

In light of the above, Nexus respectfully requests this Court to stay this case until the PTAB has decided whether or not to institute either of the Post Grant Review Petitions and whether the asserted claims in the '697 Patent are amended or invalidated by the *ex parte* reexamination filed by Nexus.  A stay of this case is appropriate in view of the stage of this litigation, as a stay will likely simplify the issues and any trial of the case, and a stay will not unduly prejudice Plaintiff.

Dated:  September 28, 2021                    Respectfully submitted,

                                                BUCHE & ASSOCIATES, P.C.

                                                By: /s/ *John K. Buche*_____
                                                John K. Buche (TX Bar No. 24012352)
                                                 1700 Post Oak Blvd., 2 Blvd. Pl., #600
                                                Houston, TX 77056
                                                Tel: (713) 401-9451
                                                Fax: (858) 430-2426

                                                ATTORNEYS FOR DEFENDANT
                                                NEXUS PERFORATING LLC

### LR7.1(D) CERTIFICATE OF CONFERENCE

Nexus's Motion to Stay is opposed by Plaintiff.  Counsel for Nexus and Plaintiff conferred on September 27, 2021 regarding Nexus's Motion to Stay and counsel cannot agree about the disposition of the motion.

/s/ *John K. Buche*

**14**

John K. Buche

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ John K. Buche*
John K. Buche