United States District Court
Southern District of Texas
**ENTERED**
November 16, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and<br>DYNAENERGETICS US, INC., | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. H-21-280 |
| NEXUS PERFORATING LLC, | §<br>§ | |
| Defendant. | §<br>§ | |

**MEMORANDUM AND ORDER**

DynaEnergetics Europe GMBH and DynaEnergetics US, Inc. (together "DynaEnergetics"), alleges that Nexus Perforating LLC is directly or indirectly infringing on one or more claims of U.S. Patent No. 10,844,697 (the '697 Patent), titled "Perforation Gun Components and System." (Docket Entry No. 38, at 3). DynaEnergetics seeks a declaratory judgment that Nexus has infringed on one or more claims of the '697 Patent, an injunction, damages, and attorneys' fees and costs. (*Id.*, at 12–13). Nexus denies infringement and asserts that the patent is invalid and unenforceable. (Docket Entry No. 39, at 4–5).

In September 2021, Nexus moved to stay this litigation. Nexus asserts that there are pending proceedings in other federal district courts and before the U.S. Patent and Trademark Office that will eliminate the need to try DynaEnergetics's infringement claim or assist this court in determining patent validity. (Docket Entry No. 40, at 12–13). DynaEnergetics opposes a stay. (Docket Entry No. 43).

Based on the motion, the response, the record, and the applicable law, the court grants the motion to stay this litigation until the earlier of: (1) the Patent Trial and Appeal Board's completion

of post-grant review of claims 1-21 of the '697 Patent; or (2) the U.S. Patent and Trademark Office's completion of *ex parte* reexamination of claims 1,2, and 8-10 of the '697 Patent.

The reasons are set out below.

## I.    Background

"The '697 Patent relates to perforation gun components for use in well bore perforating in the oil and natural gas industries."  (Docket Entry No. 47-2, at 6).  The Patent is the subject of numerous lawsuits and of proceedings at the U.S. Patent and Trademark Office.  Two petitions for post-grant review are before the Patent Trial and Appeal Board, one pending and one instituted. An *ex parte* reexamination proceeding before the Patent and Trademark Office has also commenced.

In May 2021, G&H Diversified Manufacturing, LP—not a party to this case—filed a petition for post-grant review of claims 1-21 of the '697 Patent.  (Docket Entries Nos. 40, at 6; 47-2, at 3).  In November 2021, the Board instituted the post-grant review "on all challenged claims on all asserted grounds," determining that the information presented shows that "it is more likely than not that at least 1 of the claims challenged in the petition is unpatentable."  (Docket Entry No. 47-2, at 3 (quoting 35 U.S.C. § 324(a)).

In July 2021, SWM International LLC—also not a party to this case—filed a petition for post-grant review of the '697 Patent, "challenging claims 1, 2, and 8-10."  (Docket Entry No. 40, at 6).  The Patent Trial and Appeal Board has not yet instituted this post-grant review but is expected to issue an institution decision in mid-January 2022.

Second, in September 2021, on the same day that Nexus moved to stay these proceedings, Nexus requested an *ex parte* reexamination of the '697 Patent before the U.S. Patent and Trademark Office, asserting that claims 1, 2, and 8-10 of the '697 Patent are unpatentable under

35 U.S.C. §102(a)(1) and (a)(2).  (*Id.*, at 7; Docket Entry No. 46-2, at 8).   Nexus seeks *ex parte* reexamination because it believes that the U.S. Patent and Trademark Office did not consider prior art when it examined the '697 Patent.  (Docket Entries No. 40, at 10; 46-2, at 11–14).   Nexus believes that "[i]t is highly probabl[e] that the '697 Patent will be invalidated in view of this prior art that was not considered." (Docket Entry No. 40, at 12).  On November 1, 2021, the U.S. Patent and Trademark Office granted Nexus's request for *ex parte* reexamination of claims 1,2, and 8-10. (Docket Entry No. 46-2, at 14).

Finally, there are at least 10 lawsuits in federal district courts on the '697 Patent, between DynaEnergetics and other parties.  (*See* Docket Entry No. 47-2, at 4–5).  Nexus's motion for a stay addresses two lawsuits between DynaEnergetics and SWM International, LLC, that involve the ownership of the '697 Patent.   In one lawsuit, filed in January 2021 in the Northern District of Texas, DynaEnergetics alleged that SWM International had infringed the '697 Patent. *DynaEnergetics Europe GmbH v. SWM Int'l LLC*, 21-cv-192 (N.D. Tex) (Docket Entry No. 1). In a second lawsuit filed in August 2021, SWM International sought a declaratory judgment in the District of Colorado that DynaEnergetics Europe GMBH was not assigned any interest in the '697 Patent, because patent assignment agreements are "null and void" when they are "executed under circumstances of fraud, duress, or undue influence."  *SWM Int'l, LLC v. DynaEnergetics Europe GMBH*, Case No. 21-cv-2315 (D. Colo) (Docket Entry No. 62).  DynaEnergetics has until December 7, 2021, to answer or otherwise respond to SWM International's complaint in the Colorado lawsuit.  *Id.* (Docket Entry No. 14).

SWM International has moved to stay the Northern District of Texas lawsuit pending resolution of the Colorado lawsuit.  *DynaEnergetics Europe GmbH*, 21-cv-192 (N.D. Tex.)

(Docket Entry No. 61).  That motion to stay is pending.  In the present case, DynaEnergetics asserts that "[t]he pending ownership litigation is a sham."  (Docket Entry No. 43, at 20).

## II.      The Legal Standard

"The district court has the inherent power to control its own docket, including the power to stay proceedings."  *Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. H-18-1517, 2018 WL 4901035, at *2 (S.D. Tex. Oct. 9, 2018) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).  The factors relevant in considering whether to stay litigation pending decisions by the U.S. Patent and Trademark Office are: "(1) [the] stage of the proceedings; (2) potential for the stay to simplify issues in [the] case; and (3) undue prejudice to the non-moving party or a clear tactical advantage for the moving party resulting from stay."  *Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1359–60 (Fed. Cir. 2016).  Courts may also consider the "potential for a stay to reduce the burden of litigation on the parties and the court."  *Id.* at 1360.

## III.     Analysis

### A.   The Stage of the Proceedings

The request for a stay comes early in this litigation.  The parties have filed claim-construction briefs, but the court has not yet held a *Markman* hearing, which is currently scheduled for December 15, 2021.  The parties have not incurred substantial discovery burdens, and neither party has submitted dispositive motions.  *See, e.g.*, *E-Watch, Inc. v. Lorex Canada*, H-12-3314, 2013 WL 5425298, at *3 (S.D. Tex. Sept. 26, 2013) (finding that the litigation was in an early stage because the claim construction hearing was a month away, no dispositive motions had been filed, and discovery was in the "very early stages").  This factor weighs in favor of a stay.

4

### B.  The Potential for a Stay to Simplify the Issues

The outcome of either the post-grant review or the *ex parte* reexamination could eliminate DynaEnergetics's infringement claim against Nexus.   In its complaint, DynaEnergetics alleged that Nexus directly or indirectly infringed on "one or more claims of the '697 Patent," but specifically alleged only that Nexus infringed on "at least each and every element of Claim 1." (Docket Entry No. 38, at 4).   The validity of claim 1 is in dispute in both the post-grant review and the *ex parte* reexamination.

G&W Diversified Manufacturing, LP filed a petition to institute a post-grant review of claims 1-21 of the '697 Patent.  (Docket Entry No. 47-2, at 3).  G&W Diversified Manufacturing asserted that claim 1 of the '697 Patent is unpatentable because it is anticipated by prior art, specifically the "Rogman Patent."  (*Id.*, at 9, 11–12).  The Patent Trial and Appeal Board, in instituting the petition on claims 1-21 of the '697 Patent, stated that G&W Diversified Manufacturing "ha[d] adequately shown for institution that the subject matter of claim 1 of the '697 [P]atent is disclosed in both the Rogman Provisional and the Rogman Patent."  (*Id.* at 13). The Patent Trial and Review Board found it "more likely than not," based on the "information presented in the petition . . . , if such information is not rebutted," that claim 1 is unpatentable on "prior art grounds."  (*Id.*, at 3, 13; *see also id.* at 30 ("[W]e determine that the Examiner overlooked specific teachings in the Rogman Patent in a manner that impacts the patentability of the challenged claims."); *id.* at 55 ("[W]e determine . . . that the Petition shows more likely than not that Petitioner would prevail in demonstrating that claim 1 is anticipated by the Rogman Patent.")).

If the Patent Trial and Appeal Board determines that claim 1 is unpatentable, then DynaEnergetics will have no claim that Nexus has infringed on "at least each and every element" of the claim.  *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)

(finding "it significant that the PTAB granted CBM review on all asserted claims of the sole asserted patent," and noting that the "CBM review could dispose of the entire litigation: the ultimate simplification of issues." (emphasis omitted)); *see also id.* ("This would not just reduce the burden of litigation on the parties and the court—it would entirely eliminate it.").

On November 1, 2021, the Patent and Trademark Office also granted Nexus's request for *ex parte* reexamination.  Similar to G&W Diversified Manufacturing, Nexus alleged that claims 1,2, and 8-10 of the '697 Patent are unpatentable because they are anticipated by prior art, specifically the Boop Patent, the Harrigan Patent, and the Goyeneche Patent.  (Docket Entry No. 46-2, at 8).  The Patent and Trademark Office determined that the prior art Nexus cited raised "a substantial new question of patentability affecting claims 1, 2 and 8-10" of the '697 Patent.  (*Id.*, at 5).  Again, if the Patent and Trademark Office determines that the claims are unpatentable, then DynaEnergetics will have no remaining claim against Nexus for infringement.  *See VirtualAgility Inc.*, 759 F.3d at 1314 (noting that "a stay would further the interests of judicial economy and the conservation of the parties' resources, as well as that of the court" if a reexamination would "dispose of … litigation entirely." (quoting *Broad Innovation, LLC v. Charter Commc'ns Inc.*, No. 03-cv-2233, 2006 WL 1897165, at *8 (D. Colo. July 11, 2016)); *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]n a stayed infringement proceeding, 'if the [patentee's] claims were canceled in the reexamination, [it] would eliminate the need to try the infringement issue.'" (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1342 (Fed. Cir. 1998)).

Even if the post-grant review or the *ex parte* reexamination does not result in the invalidation of some, or all, of the claims of the '697 Patent, a stay could simplify claim construction.  DynaEnergetics argues that Nexus has sought *ex parte* reexamination "to gain a

tactical advantage through an extra bite at the invalidity apple, but avoiding any potential estoppel as a result." (Docket Entry No. 43, at 14). The records does not suggest any bad faith by Nexus in requesting *ex parte* reexamination. The Patent and Trademark Office's "findings of validity," even if not binding, may be helpful in this court. *Cameras Onsite, LLC v. Digital Mgmt Sols., Inc.*, Case No. H-09-2518, 2010 WL 1268054, at *4 (S.D. Tex. Mar. 24, 2010).

If during either the reexamination or the post-grant review, "the ['697] Patent is found invalid based on prior art, this action will be moot. If the patent is partially invalidated while this case is pending, then by not granting a stay, the [c]ourt will have wasted its time and the time and resources of the parties by addressing invalid claims." *Cameras Onsite, LLC*, 2010 WL 1268054, at *4; *see also Fresenius USA, Inc.*, 721 F.3d at 1332, 1340 (holding that the plaintiff no longer had a cause of action after the Patent and Trademark Office cancelled the asserted claims of the patent). This factor weighs in favor of the stay.[1]

### C. Unfair Prejudice to DynaEnergetics

The impact that other proceedings might have on this case must be weighed against unfair prejudice to DynaEnergetics that might result from a stay. *Ex parte* reexamination is lengthy. "[A] patentee can appeal a reexamination result to the Board of Patent Appeals and Interferences and to the Court of Appeals for the Federal Circuit. A fully contested *ex parte* reexamination proceeding could . . . take several years to reach resolution." *Ambato Media, LLC v. Clarion Co., Ltd.*, No. 2:09-CV-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012). Post-grant review is faster. By statute, "the final determination in any post-grant review [must] be issued not later than

---

[1] Because the court finds that a stay is warranted by the proceedings before the Patent and Trademark Office, the court need not determine whether a stay is warranted by pending litigation in other district courts. If, however, the Northern District of Texas or the District of Colorado determines that DynaEnergetics does not have a legal interest in the '697 Patent, that would also impact DynaEnergetics's ability to sue Nexus for infringement of the '697 Patent, and further supports the stay.

1 year after the date on which" the proceedings are instituted, "except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months." 35 U.S.C. § 326(a)(11). If the Patent Trial and Appeal Board reaches a decision on the '697 Patent in the statutory one-year period, it will do so before the parties believed that a jury trial could be held in this case. (*See* Docket Entry No. 28 (scheduling the jury trial for December 5, 2022)).

DynaEnergetics has requested that this court issue a preliminary and permanent injunction against Nexus's "continuing infringement of the claims of the '697 Patent." (Docket Entry No. 38, at 12). DynaEnergetics also alleges that Nexus is a "competitor of DynaEnergetics." (*Id.*, at 3). If the court grants a stay, DynaEnergetics will be unable to enforce its patent rights against a competitor that allegedly continues to violate those rights. *See MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6-11-CV-00287, 2013 WL 7760889, at *1 (E.D. Tex. Aug. 30, 2013) ("Plaintiffs have an interest in the timely enforcement of their intellectual property rights."). This is no small factor.

But DynaEnergetics also requests monetary damages for Nexus's infringements, including treble damages for any period of willful infringement. (Docket Entry No. 38, at 13). "A stay will not diminish the monetary damages to which [DynaEnergetics] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc.*, 759 F.3d at 1318. A damages award, with prejudgment interest, can compensate DynaEnergetics for monetary harm, if any, that it incurs during the stay. *See, e.g.*, *Intellectual Ventures I LLC v. T. Mobile USA, Inc.*, No. 2:17-CV-577, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) (noting that the "Plaintiff's timely enforcement of its patent rights is entitled to some weight," but that "there is no question that Plaintiff will be adequately compensated with monetary weight"). This factor is neutral. Weighing it against the likelihood

that a stay will eliminate or simplify issues in this litigation and the stage of the litigation, the court finds that a stay is warranted.

## IV.    Conclusion

Nexus's motion to stay is granted.  (Docket Entry No. 40).  This civil action is stayed and administratively closed.  The parties may reinstate this case to the active docket by motion filed no later than 14 days after the earlier of (1) the Patent Trial and Appeal Board's completion of post-grant review of claims 1-21 of the '697 Patent or (2) the U.S. Patent and Trademark Office's completion of *ex parte* reexamination of claims 1,2, and 8-10 of the '697 Patent.

SIGNED on November 16, 2021, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge